UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PATRICK AKERLUND, *et al.*,

        Plaintiff,

    v.

ATLAS AIR, INC., *et al.*,

        Defendants.

Case No. 1:22-cv-23519-KMM-LFL

**ATLAS AIR, INC'S MEMORANDUM IN SUPPORT OF ITS INCORPORATED
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT PURSUANT
<u>TO RULES 12(B)(2) AND 12(B)(6)</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................... 1

LEGAL STANDARD ................................................................................................... 3

ARGUMENT ................................................................................................................ 3

      A.    Counts I Through X Of The TAC Should Be Dismissed With Prejudice Under The  MTD Order, In Accord With The Parties' Stipulation, And For The Reasons In Defendants' Prior MTD. ............................................................ 3

      B.    Count XI Cannot State Any Viable Claim And Should Be Dismissed With Prejudice. ............................................................................................................ 4

CONCLUSION............................................................................................................. 12

**TABLE OF AUTHORITIES**

**Page**

CASES

*Alexander v. Sandoval*,
532 U.S. 275 (2001).................................................................................................7

*Anderson v. United Airlines*,
2023 WL 5721594 (N.D. Ill. Sept. 5, 2023) ...........................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................3

*Bare v. Cardinal Health, Inc.*,
2022 WL 702593 (E.D. Tenn. Mar. 8, 2022) ..........................................................7

*Berutti v. Wolfson*,
2023 WL 1071624 (D.N.J. Jan. 27, 2023) ...............................................................6

*Bowlin v. Bd. of Dir. Of Judah Christian Sch.*,
2023 WL 6323302 (C.D. Ill. Sept. 28, 2023) ..........................................................6

*Bridges v. Houston Methodist Hosp.*,
543 F. Supp. 3d 525 (S.D. Tex. 2021).....................................................................7

*Ciraci v. J.M. Smucker Co.*,
2021 WL 6064748 (N.D. Ohio Dec. 22, 2021) ........................................................8

*Cockrell v. Sparks*,
510 F.3d 1307 (11th Cir. 2007) .............................................................................11

*Corsello v. Lincare, Inc.*,
428 F.3d 1008 (11th Cir. 2005) .............................................................................11

*Costa v. Celebrity Cruises*,
768 F. Supp. 2d 1237 (S.D. Fla. 2011) ....................................................................3

*DeJean v. Kelly*,
2022 WL 3345329 (M.D. Fla. Aug. 12, 2022) ........................................................7

*Doe v. Franklin Square Union Free Sch. Dist.*,
568 F. Supp. 3d 270 (E.D.N.Y. 2021) ...........................................................................7

*Doe v. Rumsfeld*,
2005 WL 1124589 (D.D.C. Apr. 6, 2005) ......................................................................10

*Echols v. R.J. Reynolds Tobacco Co.*,
2014 WL 12199984 (S.D. Fla. Feb. 18, 2014) .................................................................3

*Evans v. N.Y.C. Health & Hosps. Corp.*,
2023 WL 5920189 (S.D.N.Y. Aug. 7, 2023)....................................................................8

*Finkbeiner v. Geisinger Clinic*,
623 F. Supp. 3d 458 (M.D. Pa. 2022)..............................................................................9

*Garfield v. Mid. Tenn. State Univ.*,
2021 WL 5770877 (M.D. Tenn. Dec. 6, 2021).............................................................7, 8

*Goodrich v. Good Samaritan Regional Health Ctr.*,
2022 WL 1623648 (S.D. Ill. May 23, 2022).....................................................................7

*Guilfoyle v. Beutner*,
2021 WL 4594780 (C.D. Cal. Sept. 14, 2021) .................................................................7

*HPC US Fund 1, L.P. v. Wood*,
2016 WL 4441582 (S.D. Fla. July 13, 2006).....................................................................4

*Ibekweh v. Ascend Learning, Inc.*,
2023 WL 6292526 (E.D.N.Y. Sept. 27, 2023) ..................................................................6

*Jackson v. Methodist Health Servs. Corp.*,
2023 WL 2486599 (C.D. Ill. Feb. 10, 2023).....................................................................6

*Johnson v. Tyson Foods, Inc.*,
607 F. Supp. 3d 790 (E.D. Tenn. 2022)............................................................................6

*Kiss v. Best Buy Stores*,
2022 WL 17480936 (D. Or. Dec. 6, 2022) .......................................................................6

*Legaretta v. Macias*,
603 F. Supp. 3d 1050 (D.N.M. 2022) ...............................................................................9

*Lloyd v. Sch. Bd. of Palm Beach Cnty.*,
570 F. Supp. 3d 1165 (S.D. Fla. 2021) .............................................................................6

*McArthur v. Brabrand*,
   610 F. Supp. 3d 822 (E.D. Va. 2022) ................................................................6, 9, 10

*McCutcheon v. Enlivant ES, LLC*,
   2021 WL 5234787 (S.D. W.Va. Nov. 9, 2021) ...............................................................9

*Miller v. Farris*,
   2023 WL 4680370 (C.D. Cal. June 14, 2023) ................................................................6

*Mogielo v. Hochul*,
   2023 WL 2307887 (W.D.N.Y. Mar. 1, 2023)...............................................................7, 8

*N.N.J. v. Broward Cnty. Sch. Bd.*,
   2007 WL 3120299 (S.D. Fla. Oct. 23, 2007)..................................................................3

*Norris v. Stanley*,
   73 F.4th 431 (6th Cir. 2023) ...........................................................................................8

*Roush on behalf of E.R. v. Alexander*,
   2022 WL 846807 (M.D. La. Feb. 24, 2022)....................................................................7

*Dolan-Cartwright on behalf of G.C. v. Alexander*,
   2022 WL 848088 (M.D. La. Feb. 24, 2022)....................................................................7

*Pittman v. Trans Union Credit Bureau*,
   2021 WL 7501146 (M.D. Fla. Oct. 22, 2021) .................................................................5

*Reed v. Tyson Foods*,
   2022 WL 2134410 (W.D. Tenn. June 14, 2022) .............................................................7

*Rhoades v. Savannah River Nuclear Solutions, LLC*,
   574 F. Supp. 3d 322 (D.S.C. 2021).............................................................................8, 9

*Rivas v. Small*,
   2017 WL 6551159 (S.D. Fla. Nov. 3, 2017)..................................................................11

*Schmidt v. City of Pasadena*,
   2023 WL 4291440 (C.D. Cal. Mar. 8, 2023)...................................................................8

*Sibley v. Lando*,
   437 F.3d 1067 (11th Cir. 2005) ....................................................................................11

*Smith v. Terminix Pest Control*,
  2023 WL 3569127 (E.D. La. May 19, 2023)................................................................6

*Svendsen v. Ill. Dept. of Public Health*,
  2023 WL 1475058 (C.D. Ill. Feb. 2, 2023)................................................................6

*Valdez v. Lujan Grisham*,
  2022 WL 3577112 (D.N.M. Aug. 19, 2022) ..............................................................9

**STATUTES AND REGULATIONS**

21 C.F.R. § 50.25 ..........................................................................................................7

21 U.S.C. § 337..........................................................................................................6, 10

21 U.S.C. § 360bbb-3 ............................................................................................. *passim*

**OTHER AUTHORITIES**

*Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from
  Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*,
  2021 WL 3418599 (U.S. Dept. of Justice, Office of Legal Counsel 2021).......................5, 6, 8

**INTRODUCTION**

Atlas Air, Inc. ("Atlas") moves to dismiss Count XI and seeks a with-prejudice dismissal of the entire Third Amended Complaint ("TAC").[1]  The time has come to put an end to Plaintiffs' futile attempts to conjure a legal claim out of an unaltered set of benign facts.  As confirmed by the Court's grant of the Parties' stipulation (ECF 80), the Court's September 20, 2023 Order ("MTD Order") already resolved nearly all of this Motion to Dismiss ("MTD").  *First*, the Court ruled that it lacks personal jurisdiction over all claims of 47 of the 84 Plaintiffs suing Atlas. ECF 73 at 5–10.  *Second*, the Court held that none of the claims in Plaintiffs' Second Amended Complaint ("SAC") stated viable claims under Rule 12(b)(6).  *Id.* at 10–15.  Accordingly, the Court dismissed the SAC without prejudice and gave Plaintiffs until October 11, 2023, "to address the [ ] deficiencies" the MTD Order identified.  *Id.* at 15.

On October 11, Plaintiffs filed the TAC.  ECF 74.  But, instead of addressing any deficiencies, Plaintiffs concede (i) "the only change from the [SAC] to the [TAC] filed pursuant to the Court's order of September 20, 2023 (ECF 73) is the addition of Count XI [an Emergency Use Authorization claim] at paragraphs 247–256," ECF 75 at 1, and (ii) that "Defendant Atlas Air only has to respond to the new Count in the [TAC]."  ECF 80.  Thus, the TAC reasserts Counts I through X from the SAC against Atlas without accounting for this Court's MTD Order holding that Plaintiffs did not state any viable claim under Rule 12(b)(6).  And, despite containing no new jurisdictional facts, the TAC seeks to assert the new Count XI on behalf of *all 84 Atlas Plaintiffs*, notwithstanding that this Court already ruled that it lacks personal jurisdiction over the claims of

---

[1] Prior-Defendant Flight Services International LLC ("FSI") expressly preserves all of its bases for dismissal.  FSI does not join this motion to dismiss, in reliance on the Court's Order directing the parties to file a stipulation of dismissal as to FSI and confirming that "Defendant FSI has no obligation to respond to the Third Amended Complaint at all."  ECF 80.

47 of those Plaintiffs.

Fortunately, despite not trimming back their pleadings, Plaintiffs recognize that—based on this Court's MTD Order—the Court should dismiss Counts I through X of TAC. *See* ECF 79 at 1–2, 79-1, ¶¶ 1–2 (parties' joint stipulation that "Atlas shall have no obligation to respond to Counts I through X of the [TAC]"). On October 30, the Court granted that stipulation. ECF 80.

Because of this Court's MTD Order and the Parties' stipulation, the only new issue this Motion presents is whether Plaintiffs have validly pled claims over which this Court has personal jurisdiction under the Emergency Use Authorization Statute ("EUA") objecting to how the FDA originally approved the COVID-19 vaccines. The EUA cause of action is now Count XI. But the logic of this Court's personal jurisdiction ruling means that, as with Counts I through X, the 47 non-Florida Plaintiffs lack suit-related ties to Florida and must be dismissed on that ground. Further, Count XI fails on the merits, as every court to consider an EUA claim—including this one—has recognized: it is legally frivolous as asserted by private parties against a private employer. Specifically, Count XI cannot state a claim under Rule 12(b)(6) because: (1) the EUA does not create a private right of action; (2) the EUA applies only to medical providers administering the vaccine, not private employers like Atlas; (3) the COVID-19 vaccine received full FDA approval months before Atlas asked Plaintiffs to get vaccinated; and (4) 71 of the 84 Atlas Plaintiffs admit that they have never taken the COVID-19 vaccine, meaning they did not get vaccinated without informed consent.

Plaintiffs' sole new claim in Count XI is even more misguided and unsupported by existing law than the ones already dismissed. It should suffer the same fate. Further opportunities to amend are futile and will only continue to tax the judicial system.

## LEGAL STANDARD

"[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pleadings need "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *N.N.J. v. Broward Cnty. Sch. Bd.*, 2007 WL 3120299, at *1 (S.D. Fla. Oct. 23, 2007) (Moore, J.). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Echols v. R.J. Reynolds Tobacco Co.*, 2014 WL 12199984, at *3 (S.D. Fla. Feb. 18, 2014) (Moore, J.).  Thus, each Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

A. *Counts I Through X Of The TAC Should Be Dismissed With Prejudice Under The MTD Order, In Accord With The Parties' Stipulation, And For The Reasons In Defendants' Prior MTD.*

As explained above, both Plaintiffs' Notice (ECF 75) and the Parties' stipulation (ECF 79-1) acknowledge that Counts I through X of the TAC have not been substantively amended to address the jurisdictional and merits defects that led the Court to dismiss the SAC.  Thus, by definition—and as confirmed by the Court's Order granting the Parties' stipulation (ECF 80)—the MTD Order squarely resolves Counts I through X.  Defendants' prior MTD (which, as necessary, Atlas incorporates by reference here) presents additional grounds for dismissal, all of which apply with equal force to this Motion.  *See* ECF 66, 67, 70.

Accordingly, consistent with Plaintiffs' concession that Atlas has no "obligation to respond to Counts I through X of the [TAC]—through an answer, a Rule 12 motion, or otherwise" (ECF 79-1 ¶ 2; *see also* ECF 80)—the Court should terminate these claims, by entering a with-prejudice dismissal.  *See, e.g.*, *Costa v. Celebrity Cruises*, 768 F. Supp. 2d 1237, 1242 (S.D. Fla. 2011) (dismissing claims with prejudice where "[p]laintiffs have already had [an] opportunity to amend

their similar initial Complaint"); *HPC US Fund 1, L.P. v. Wood*, 2016 WL 4441582, at *5 (S.D. Fla. July 13, 2006) (dismissing with prejudice where plaintiff "had numerous opportunities to present the basis of his claim").

      B.      *Count XI Cannot State Any Viable Claim And Should Be Dismissed With Prejudice.*

### 1. The Court Lacks Personal Jurisdiction Over the EUA Claims of the 47 Non-Florida Atlas Plaintiffs It Already Dismissed.

The MTD Order requires dismissal of Count XI as to the 47 Atlas Plaintiffs who neither live nor work in Florida.[2] In its Order, the Court determined that it lacked general jurisdiction over Atlas because it was not incorporated in Florida, did not have its principal place of business in Florida, and lacked operations in Florida sufficiently extraordinary to "render [it] at home in [Florida]." *See* MTD Order at 5–6.

Moving on to specific jurisdiction, the Court found Atlas "lack[ed] minimum contacts and fail[ed] the effects test with respect to the claims from Plaintiffs who [did] not work or live in Florida" because Atlas's COVID-19 vaccination policy did not "affect[] [the non-Florida Plaintiffs] at their work place [or] their home" in Florida. *Id.* at 9–10.

The same reasoning requires dismissal of Count XI as to these 47 non-Florida Atlas Plaintiffs. As Plaintiffs admit (ECF 79-1), the TAC contains no new jurisdictional allegations. Thus, the Court continues to lack general jurisdiction over Atlas. MTD Order at 5–6. Nor are

---

[2] The 47 Atlas Plaintiffs whose claims the Court dismissed as to Counts I through X for lack of personal jurisdiction are Patrick Akerlund, Eric Anderson, Michael Ballard Jr., Benjamin Bendiburg, Gregory Berry, Lynette Botha, Caleb Buehrer, Jon Carroll, Vergil Caskey, James Castor, Nathan Charboneau, Mark Connor, Matthew Cronauer, Fred Cunningham, Royal Danza, Elliot De Sousa, Steve Dixon, James Erickson, Lee Estes, Robert Fratti, Jason Frisbie, Mark Gilman, Robert Giudice, Eric Gordon, Jason Henning, Daniel Hudson, Roger Justice, Ricky Kinder, Beth Kirby, Carl Lindberg, Joseph Loschiavo, Jeffrey Michonski, Andrew Mickler, Gregory Myers, Peter Napora, Glen Pronk, Charles Randall, Jason Rogers, Kimberly Schreck, Gentry Shelton, Donald Sorrentino, Mark South, Michael Stark, Forrest Stowells, John Swift, Nick Taylor, and Brandon Thoroughman. Ybarra Decl. (ECF 66-2) ¶ 13.

there any new facts that could support specific jurisdiction over the claims of the non-Florida Atlas Plaintiffs.  Count XI challenges the same vaccination policies based on the identical jurisdictional facts as the dismissed Counts I–X.  As to specific jurisdiction, the Court concluded that the "COVID-19 testing and vaccination requirements implemented by Atlas necessarily affected employees at their workplace and their home" and that Atlas therefore "lacks minimum contacts and fails the effects test with respect to the claims from Plaintiffs who do not work or live in Florida."  MTD Order at 9.  Count XI, like Counts I through X, challenges the same COVID-19 vaccination policy implemented by Atlas and thus the Court's determinations as to personal jurisdiction in its MTD Order apply inexorably to the new EUA claim in Count XI.[3]  *See* TAC ¶ 249 (alleging that all the "foregoing counts [in the TAC] and injuries sustained by plaintiffs are a product of the . . . violation of this core EUA law violation").  Therefore, Count XI should be dismissed as to these Plaintiffs.  *E.g.*, *Pittman v. Trans Union Credit Bureau*, 2021 WL 7501146, at *2 (M.D. Fla. Oct. 22, 2021) (dismissing where "[t]he Amended Complaint was brought against the same Defendants and had the same jurisdictional allegations" the court had already found insufficient).

### 2.     Count XI Cannot State a Claim for Multiple Independent Reasons.

In their new Count XI, Plaintiffs seek to assert a claim under the FDA Act, 21 U.S.C. § 360bbb-3, against Atlas, a private employer.  The FDA Act "authorizes the [FDA] to issue an 'emergency use authorization' ('EUA') for a medical product, such as a vaccine, under certain emergency circumstances." *Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits*

---

[3] Plaintiffs' concession in the stipulation that the FSI Plaintiffs' claims likewise are subject to dismissal again due to lack of personal jurisdiction reinforces this fact.  ECF 79-1 & 80; *see also* MTD at 8–9 (explaining that as to non-Florida FSI Plaintiffs' "there [was] no indication that the conduct underpinning Plaintiffs' . . . claims against FSI was aimed at Florida").

*Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*, 2021 WL 3418599, at *1 (U.S. Dept. of Justice, Office of Legal Counsel 2021) ("OLC Memo"). Through this process, the FDA initially approved three major COVID-19 vaccines. *See id.* at *3. Plaintiffs claim that Atlas violated the statutory rules governing the EUA by not obtaining informed consent from Plaintiffs.

Count XI legally fails for *four* independent reasons. *First*, Plaintiffs' EUA claim is not cognizable because "the EUA does not provide for a private right of action." *Jackson v. Methodist Health Servs. Corp.*, 2023 WL 2486599, at *5 (C.D. Ill. Feb. 10, 2023). Specifically, the FDA Act provides that "all . . . proceedings for the enforcement, or to restrain violations, of [the FDA Act] shall be *by and in the name of the United States*." 21 U.S.C. § 337(a) (emphasis added). Citing this language, every federal court to consider an EUA-based challenge brought by a private individual against an employer or school's COVID-19 safety measures has dismissed it— including this Court. *See, e.g.*, *Lloyd v. Sch. Bd. of Palm Beach Cnty.*, 570 F. Supp. 3d 1165, 1175 (S.D. Fla. 2021) (Moore, J.) (rejecting an EUA-based challenge to a school district's mask mandate because "the FDCA clearly states that its requirements may only be enforced by the United States government").[4] This is why an EUA claim brought by the same counsel for these Plaintiffs was

---

[4] *Accord Bowlin v. Bd. of Dir. of Judah Christian Sch.*, 2023 WL 6323302, at *4 (C.D. Ill. Sept. 28, 2023) ("[T]he FDCA does not authorize a private right of action."); *Ibekweh v. Ascend Learning, Inc.*, 2023 WL 6292526, at *6 (E.D.N.Y. Sept. 27, 2023) ("Section 360bbb-3 does not provide an individual right."); *Miller v. Farris*, 2023 WL 4680370, at *10 (C.D. Cal. June 14, 2023) ("Section 360bbb-3. . . does not provide a private right of action for Plaintiff to sue Defendants."); *Smith v. Terminix Pest Control*, 2023 WL 3569127, at *2 (E.D. La. May 19, 2023) ("Th[e] [EUA] . . . does not confer a private right to sue."); *Svendsen v. Ill. Dept. of Public Health*, 2023 WL 1475058, at *4 (C.D. Ill. Feb. 2, 2023) ("Regarding Plaintiffs' . . . EUA claim, there is no private cause of action."); *Berutti v. Wolfson*, 2023 WL 1071624, at *5 (D.N.J. Jan. 27, 2023) ("Berutti is relying on section 360bbb of the FDCA. But it is . . . well settled that the FDCA creates no private right of action."); *Kiss v. Best Buy Stores*, 2022 WL 17480936, at *8 (D. Or. Dec. 6, 2022) ("[T]he [EUA] provides no private right of action."); *McArthur v. Brabrand*, 610 F. Supp.

just rejected by the Northern District of Illinois. *See Anderson v. United Airlines*, 2023 WL 5721594, at *2 (N.D. Ill. Sept. 5, 2023) ("[Plaintiffs] cannot bring a claim based on an alleged violation of the EUA provision of the FDCA."). Defendants previously cited *Anderson* as supplemental authority in moving to dismiss the SAC. ECF 71.

Nor can 21 C.F.R. § 50.25—a federal regulation implementing part of the FDA Act (TAC ¶¶ 253, 256)—give Plaintiffs a private right of action where the FDA Act itself does not. As the Supreme Court has explicitly held, "language in a regulation can[not] conjure up a private cause of action that has not been authorized by Congress." *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). Accordingly, every federal court to consider the question has held that because the FDA Act does not create a private right of action, its implementing regulations do not create such a right either. *See, e.g.*, *DeJean v. Kelly*, 2022 WL 3345329, at *2 (M.D. Fla. Aug. 12, 2022) ("[A] violation of 21 C.F.R. § 50.20" is "not [a] recognizable claim[]."); *accord Mogielo v. Hochul*,

_____

3d 822, 847 (E.D. Va. 2022) ("[A]ny proceedings under the [FDCA] of which the EUA is a part, must be brought by and in the name of the United States, and not as private actions."); *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 807 (E.D. Tenn. 2022) ("It is well-settled that there is no private right of action under the FDCA."); *Reed v. Tyson Foods*, 2022 WL 2134410, at *11 (W.D. Tenn. June 14, 2022) ("Plaintiffs have failed to state a claim for Defendant's alleged violation of . . . 21 U.S.C. § 360bbb-3 . . . because there is no private right of action under that statute."); *Goodrich v. Good Samaritan Regional Health Ctr.*, 2022 WL 1623648, at *2 (S.D. Ill. May 23, 2022) ("[T]here is no private right of action to enforce the FDCA."); *Bare v. Cardinal Health, Inc.*, 2022 WL 702593, at *4 n.2 (E.D. Tenn. Mar. 8, 2022) ("Title 21, Section 360bbb-3, the EUA statute . . . does not provide [plaintiff] a private right of action."); *Roush on behalf of E.R. v. Alexander*, 2022 WL 846807, at *12 (M.D. La. Feb. 24, 2022) ("Plaintiff has no private right of action for a claim under Title 21."); *Dolen-Cartwright on behalf of G.C. v. Alexander*, 2022 WL 848088, at *16 (M.D. La. Feb. 24, 2022) ("Plaintiff has no private right of action for a claim under Title 21."); *Garfield v. Mid. Tenn. State Univ.*, 2021 WL 5770877, at *3 (M.D. Tenn. Dec. 6, 2021) (the EUA "creates neither an express nor an implied cause of action."); *Doe v. Franklin Square Union Free Sch. Dist.*, 568 F. Supp. 3d 270, 292 (E.D.N.Y. 2021) ("[The EUA] does not include a private right of action."); *Guilfoyle v. Beutner*, 2021 WL 4594780, at *27 (C.D. Cal. Sept. 14, 2021) ("Plaintiffs cannot state a claim for violation of [the EUA]" because "all such proceedings for the enforcement, or to restrain violation, of this chapter shall be by and in the name of the United States."); *Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021) (concluding Section 360bbb-3 "does not confer a private opportunity to sue" an employer).

2023 WL 2307887, at *12 (W.D.N.Y. Mar. 1, 2023) ("[B]ecause the statute under which a regulation is promulgated dictates whether a private right of action can enforce that regulation . . . 21 C.F.R. § 50.20 does not create a private right of action either."); *Garfield*, 2021 WL 5770877, at *3 ("The regulations cited by Plaintiff [21 C.F.R. § 50.1, *et seq*] derive their authority from the [FDA Act], which, as the Court has already stated, does not create an express or implied cause of action. Accordingly, neither does the regulation cited by Plaintiff.").  Count XI therefore cannot survive dismissal by relying on federal informed-consent regulations.

*Second*, even if the EUA gave Plaintiffs a private right of action, their EUA claim would still fail legally.  Plaintiffs allege that Atlas's vaccine policy violated the EUA Statute's requirement that individuals to whom the vaccine is administered are "informed of the option to accept or refuse administration of the product [and] of the consequences, if any, of refusing." TAC ¶ 251.  But, as the U.S. Department of Justice and the EEOC have explained, the FDA Act does not prohibit "private entities from imposing vaccination requirements, even when the only vaccines available are those authorized under EUAs." *OLC Memo*, 2021 WL 3418599, at *11. Rather, the condition that Plaintiffs reference applies only to medical providers administering the vaccine.  *Id.* at *5.  Indeed, as the Sixth Circuit recently held, joining a chorus of district court decisions, "[t]he EUA statute's relevant language—ensuring that individuals to whom the product is administered are informed of their option to accept or refuse the vaccine—addresses the interaction between the medical provider and the person receiving the vaccine, not the interaction between an employer and an employee receiving a vaccine." *Norris v. Stanley*, 73 F.4th 431, 438 (6th Cir. 2023).[5]

_____

[5] *Evans v. N.Y.C. Health & Hosps. Corp.*, 2023 WL 5920189, at *8 (S.D.N.Y. Aug. 7, 2023) ("Th[e] [EUA's] informed consent requirement does not apply to Defendants because they are not

*Third*, Plaintiffs' TAC confirms that Atlas never asked them to take a COVID-19 vaccine that was only subject to an EUA approval. According to the TAC, Atlas "directed that November 25, 2021 was the deadline for Plaintiffs who did not apply for a religious or medical exemption to report their [vaccine] status to the Company." TAC ¶ 67. That date is three months after the TAC recognizes that the FDA granted full approval to Pfizer's COVID-19 vaccine on August 23, 2021, thereby rendering the EUA authorization irrelevant. *See* TAC ¶ 60 ("The FDA approved the Pfizer Comirnaty vaccine on August 23, 2021"); *Legaretta v. Macias*, 603 F. Supp. 3d 1050, 1059–60 (D.N.M. 2022) (rejecting EUA claim because by August 23, 2021 the "FDA ha[d] now given its full approval—not just emergency use authorization—to the Pfizer vaccine" for adults); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 464 n.24 (M.D. Pa. 2022) (concluding that when the plaintiff referred "to the [COVID-19] vaccines as being 'EUA approved only,' she is simply wrong . . . the two-dose Pfizer-BioNTech vaccine has been full approved by the [FDA] since August 23, 2021"). In other words, Atlas never required Plaintiffs to receive a COVID-19 vaccine pursuant only to an EUA authorization; Plaintiffs had the opportunity to receive the fully-approved Pfizer vaccine, if that was their choice.

---

directly administering the vaccine to employees."); *Schmidt v. City of Pasadena*, 2023 WL 4291440, at *14 (C.D. Cal. Mar. 8, 2023) ("[T]he informed consent requirement of the [EUA] applies only to medical providers, not to employers, so long as the employer is not directly administering the vaccine."); *Ciraci v. J.M. Smucker Co.*, 2021 WL 6064748, at *2 n.1 (N.D. Ohio Dec. 22, 2021) ("[T]he EUA statute does not apply to private actors[.]"); *Rhoades v. Savannah River Nuclear Solutions, LLC*, 574 F. Supp. 3d 322, 344 (D.S.C. 2021) ("[The EUA] do[es] not prevent private employers like [defendant] from requiring employees to be vaccinated against COVID-19."); *McCutcheon v. Enlivant ES, LLC*, 2021 WL 5234787, at *3 (S.D. W. Va. Nov. 9, 2021) (EUA statute "outlines the rights and responsibilities of the [FDA] in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Valdez v. Lujan Grisham*, 2022 WL 3577112, at *5 (D.N.M. Aug. 19, 2022) (EUA statute's "informed consent requirement only applies to medical providers," not to employers); *Finkbeiner*, 623 F. Supp. 3d at 464 n.24 ("Courts have been uniform that [the EUA] has no bearing in cases involving employer mandates.").

*Fourth*, even if these flaws did not preclude Plaintiffs' EUA claims against Atlas, the TAC admits that the vast majority of Plaintiffs never took a COVID-19 vaccine and therefore necessarily have no claim that they got vaccinated without their informed consent. *See, e.g.*, *McArthur*, 610 F. Supp. 3d at 847 (finding that the plaintiffs' EUA claim challenging a school's COVID-19 vaccination policy failed, among other reasons, because "all of the McArthur children remain unvaccinated"). The TAC divides the Atlas Plaintiffs into three categories, two of which are explicitly alleged to be unvaccinated. *See* TAC ¶ 12 ("Plaintiffs Category 1 – 65 Unvaccinated Atlas Pilot Plaintiffs"); *id.* ¶ 14 ("Plaintiffs Category 3 – 6 Atlas ground employees, all 6 ground employee plaintiffs are unvaccinated"). Thus, even if Plaintiffs somehow overcame the above three flaws, only the 13 vaccinated Atlas Plaintiffs could arguably have any potential injury. And, among that group, 4 Atlas Plaintiffs' EUA claims would still fail because the Court lacks personal jurisdiction over Atlas with respect to their claims, as they neither live nor work in Florida.[6]

Finally, Plaintiffs' reliance on *Doe v. Rumsfeld*, 2005 WL 1124589, at *1 (D.D.C. Apr. 6, 2005) (TAC ¶ 252), does not change the outcome. *First*, *Rumsfeld* does not explicitly authorize private rights of action to challenge an EUA. *Second*, even if *Rumsfeld* did so, it would be in direct conflict with the plain language of the FDA Act, 21 U.S.C. § 337(a), as the dozens of federal decisions cited above have held. *See* n.4. *Third*, *Rumsfeld* is simply inapplicable. It did *not* involve the *EUA provision* of the FDA Act. And, crucially, the claim in *Rumsfeld* was brought against the Department of Defense in conjunction with a mandatory anthrax vaccination program for servicemembers—not by at-will employees of a private employer like Atlas. Thus, Plaintiffs cannot allege a cause of action under the EUA.

---

[6] The 4 Atlas Plaintiffs in this group are Michael G. Ballard Jr., Jason Frisbie, Ricky Kinder, and Carl Lindberg. *Compare* Ybarra Decl. (ECF 66-2) ¶ 13 (listing the 47 non-Florida Atlas Plaintiffs), *with* TAC ¶ 13 (listing the 13 vaccinated Atlas Plaintiffs).

### 3.     Count XI Should Be Dismissed With Prejudice Because, No Matter the Allegations, It Cannot Legally State a Claim.

The Court should not grant Plaintiffs an opportunity to amend Count XI, as any amendment would be futile.  At an absolute minimum, either of the first and second reasons supporting dismissal—no private right of action or lack of legal viability—foreclose any potential EUA claim, no matter what facts Plaintiffs could conceivably raise.  When such a legal obstacle is present, the Eleventh Circuit directs that the complaint should be dismissed with prejudice.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (holding that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed"); *Rivas v. Small*, 2017 WL 6551159, at *1–2 (S.D. Fla. Nov. 3, 2017) (dismissing claims on legal grounds and directing that "dismissal is with prejudice since leave to amend would be futile" (citing *Sibley v. Lando*, 437 F.3d 1067, 1073–74 (11th Cir. 2005)).  With-prejudice dismissal is especially appropriate here, where Atlas is unaware of a single federal court holding that an employee's EUA claim challenging a private employer's COVID-19 policy states a valid legal claim (*supra* nn. 4–5).

Denying Plaintiffs another opportunity to amend is further supported by their unjustifiable delay in raising this EUA count, which their complaint has long referenced and Plaintiffs' counsel has raised repeatedly in other similar COVID-19 litigation.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014–1015 (11th Cir. 2005) (affirming denial of leave due to "undue delay, bad faith, [or] dilatory motive").  Indeed, demonstrating Plaintiffs' actual knowledge of this potential claim—which they failed to press until the TAC—Plaintiffs' original October 2022 complaint alleged that the COVID-19 vaccines "were rushed through pursuant to Emergency Use Authorizations ("EUAs") and then an extremely abbreviated FDA 'approval' process."  ECF 1 ¶ 141.

-12-

Because Plaintiffs concede that Atlas need not respond to Counts I through X for the reasons set out in the MTD Order, which Plaintiffs elected not to address, when it dismisses Count XI, the Court should dismiss the entire TAC with prejudice—so that the case may finally conclude.

**CONCLUSION**

For these reasons, all Counts of the TAC should be dismissed with prejudice.

Dated: November 1, 2023

Respectfully submitted,

*/s/ Michelle Hogan*
Eliot Pedrosa
Florida Bar No. 182443
epedrosa@jonesday.com
Michelle Hogan
Florida Bar No. 1010992
mhogan@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone:  (305) 714-9700
Facsimile:  (305) 714-9799

Jonathan M. Linas (pro hac vice)
jlinas@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Alexander V. Maugeri (pro hac vice)
amaugeri@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

**Attorneys for Defendant Atlas Air, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 1, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/ Michelle Hogan
Michelle Hogan