**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-23519-KMM

PATRICK AKERLUND, *et al*.,

      Plaintiffs,

v.

ATLAS AIR, INC., *et al*.,

      Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE came before the Court upon Defendant Atlas Air, Inc.'s Motion to Dismiss the Third Amended Complaint. ("Mot." or "Motion") (ECF No. 81). Plaintiffs filed a Response in Opposition to the Motion to Dismiss ("Resp.") (ECF No. 83). Defendant then filed a Reply in Support of its Motion to Dismiss ("Reply") (ECF No. 85). Plaintiffs' Second Amended Complaint was previously dismissed without prejudice due to lack of personal jurisdiction and failure to state a claim. *See generally* (ECF No. 73). As set forth below, the Court GRANTS the Motion and DISMISSES Plaintiffs' Third Amended Complaint WITH PREJUDICE. ("TAC") (ECF No. 74).

## I.    BACKGROUND

The Court presumes the Parties' familiarity with the factual background of the case. *See, e.g.*, (ECF Nos. 59, 73). Nevertheless, the Court briefly describes the relevant facts applicable to the instant Motion.

Plaintiffs are pilots, flight attendants, and ground staff who work at Atlas Air, Inc. ("Atlas Air") or Flight Services International, LLC ("FSI"), who either remained unvaccinated due to their religious beliefs or became vaccinated despite their religious beliefs. TAC ¶¶ 12–15. In the Third Amended Complaint, Plaintiffs assert eleven claims arising out of the companies' COVID-19

vaccination policies. *See generally id.* Upon filing the TAC, Plaintiffs notified the Court that "the only change from the Second Amended Complaint and the Third Amended Complaint . . . is the addition of Count XI." (ECF No. 75) at 1. Count XI claims that Defendants violated the Federal Food, Drug, and Cosmetic Act ("FDCA"), as codified at 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). TAC ¶ 249.

The FDCA establishes the statutory framework for emergency authorization of products (including drugs, devices, and biological products) by the Secretary of Health and Human Services. *See generally* 21 U.S.C. § 360bbb-3. As relevant here, the Secretary "may make a declaration that the circumstances exist justifying the authorization" for a product on the basis of "a determination by the Secretary that there is a public health emergency . . . that affects, or has a significant potential to affect, national security or the health and security of United States citizens living abroad, and that involves a biological, chemical, radiological, or nuclear agent or agents, or a disease or condition that may be attributable to such agent or agents." § 360bbb-3(b)(1)(C). As to the conditions for authorization of a product for emergency use, the FDCA requires that, "to the extent practicable," steps be taken to ensure that individuals "on whom the product is administered" are informed "of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks." § 360bbb-3(e)(1)(A)(ii)(III).

In Count XI, Plaintiffs allege that when Defendants mandated that their employees "receive Emergency Use Authorized (EUA) experimental unapproved medical products, EUA PCR testing, and EUA mask wearing," Defendants violated the FDCA by not allowing Plaintiffs the option to accept or refuse administration of the products. TAC ¶¶ 249–254. Considering the similarities between the Second Amended Complaint and Third Amended Complaint, the Parties submitted a

2

Joint Stipulation to the Court and agreed that "Defendant FSI has no obligation to respond [to] any part of the Third Amended Complaint" and that "Defendant Atlas shall have no obligation to respond to Counts I through X of the Third Amended Complaint." (ECF No. 79-1) at 2.

Now, Defendant Atlas Air moves to dismiss Count XI and seeks a dismissal with prejudice of the entire TAC. *See generally* Mot. Atlas Air argues that the Court's previous ruling on personal jurisdiction stands, so Count XI should be dismissed due to lack of personal jurisdiction as to all non-Florida Plaintiffs. *Id.* at 4–5. Atlas Air further argues that Count XI fails on the merits because it is legally frivolous for private parties to assert this claim against a private employer. *Id.* at 5–10.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal

3

conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   DISCUSSION

Plaintiffs concede that the TAC is almost the same as the Second Amended Complaint that was previously dismissed by this Court. *See* (ECF No. 75) at 1. Thus, the Court will address any conclusions that remain unchanged from its previous dismissal of this case before turning to the new issue presented in the Motion to Dismiss.

### A. All Claims Against FSI and Most Claims Against Atlas Air Are Again Dismissed for Lack of Personal Jurisdiction or Failure to State a Claim

In the Court's previous Order granting Defendants' Motion to Dismiss the Second Amended Complaint, Counts VI through X were dismissed due to lack of personal jurisdiction as to Defendant FSI. (ECF No. 73) at 5–9. In the TAC, Plaintiffs have alleged no new facts supporting personal jurisdiction as to either Defendant. As such, the Court again dismisses all claims as to Defendant FSI (Counts VI through XI) due to lack of personal jurisdiction.

The Court's analysis of personal jurisdiction as to Defendant Atlas Air also remains unchanged. *See id.* at 9–10. Accordingly, the Court again dismisses all claims against Atlas Air (Counts I, II, III, IV, V, and XI) with respect to Plaintiffs who do not live in Florida or have Florida as their base of operation.

Because the TAC contains no new allegations concerning Counts I through V, these claims against Atlas Air are again dismissed for failure to state a claim. *See id.* at 10–15.

### B.  Count XI Is Dismissed for Failure to State a Claim

The only new issue presented in the Motion to Dismiss is whether Plaintiffs properly state a claim against Atlas Air with respect to the Florida-based Plaintiffs in Count XI, violation of the FDCA when Atlas Air mandated their employees to receive EUA "medical products, EUA PCR

4

testing, and EUA mask wearing." TAC ¶ 249.  Atlas Air argues that Count XI fails on the merits because every court to consider an EUA claim has recognized that such a claim is "legally frivolous as asserted by private parties against a private employer." Mot. at 2.

Defendant is correct that Plaintiffs cannot bring an FDCA-based claim against Atlas Air because the FDCA explicitly provides that there is no private right of action to enforce its provisions.  Indeed, "the FDCA says that its requirements may only be enforced by the United States government." *Markland v. Insys Therapeutics, Inc.*, 758 F. App'x 777, 779 (11th Cir. 2018) (citing 21 U.S.C. § 337(a)).  In response, Plaintiffs argue that they are entitled to a private right of action because *Doe v. Rumsfeld*, 2005 WL 1124589 (D.D.C. Apr. 6, 2005), supposedly allows "any individual United States citizen the preemptive inalienable right to not only refuse an investigational medical product, . . . but upon refusal, no punitive action." Resp. at 2.

Plaintiffs' interpretation of *Rumsfeld* is entirely incorrect:  *Rumsfeld* simply modified an order to allow the military to administer an EUA anthrax vaccine on a voluntary basis.  2005 WL 1124589 at *1.  It did not explicitly authorize private rights of action to challenge the FDCA, nor is it applicable here because *Rumsfeld* involved the Department of Defense, not a private employer such as Atlas Air.  *See* Mot. at 10.  Because the availability of private relief under the FDCA is "foreclosed by express provision [ ] of the statute itself," the Court must dismiss Count XI against Atlas Air.  *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989); *see also* Mot. at 6 (collecting cases).

Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Here, Plaintiffs have already amended their complaint three times.  Now, having considered the Third Amended Complaint and having found Plaintiffs' contentions to be deficient for almost the same reasons, the Court finds that further amendment of the Third Amended

Complaint would be futile.  Therefore, dismissal of this case with prejudice is appropriate.  *See*

*Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted) ("[A]

district court may properly deny leave to amend the complaint under Rule 15(a) when such

amendment would be futile.").

**CONCLUSION**

UPON CONSIDERATION of the Third Amended Complaint (ECF No. 74), the pertinent

portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED

AND ADJUDGED that the Motion to Dismiss the Third Amended Complaint (ECF No. 81) is

GRANTED.  The Third Amended Complaint (ECF No. 74) is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this __19th__ day of March, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record

6